PROVOSTY, J.
Sections 2519 and 2520, R. S., read:
“Sec. 2519. Hereafter neither recorders, sheriffs, notaries throughout the state, nor other persons authorized to convey real estate by public act,, shall pass or execute any act for the sale, transfer or exchange of any real estate, unless the state, parish and municipal taxes due on the same be first paid, to be shown by the tax collector’s receipt, or certificate to that effect.
“Sec. 2520. The recorders, sheriffs, notaries public, or other persons violating the provisions of the preceding section shall, upon conviction thereof, be fined in a sum not less than fifty nor more than two hundred dollars for each violation, to be recovered by the district attorney, for the use of the free schools before any competent tribunal.”
Sections 74 and 75 of the State Revenue Act (Act 170 of 1898) read:
“Sec. 74. Be it further enacted, etc., Hereafter neither recorders, sheriffs, notaries throughout the state, nor other persons authorized to convey real estate, ■ by public act shall pass or exercise any act or take any acknowledgment to any act under private signature, for the sale, transfer, donation, partition, exchange or other conveyance of any real estate, unless the state levee district parish and municipal taxes due on the same prior to the act be first paid to be shown by the receipt of certificate of the officer having charge of the collection of said taxes or by the certificate of the state auditor, city comptroller or other officer having -charge of or keeping the accounts of any municipal corporation or parish of this state, said certificates to he annexed to such act and be conclusive evidence of the payment of all taxes therein certified to be paid, and shall exonerate the notary, sheriff or recorder from all responsibility whatever.
“Sec. 75. Be it further enacted, etc., That .any notary public or recorder violating the foregoing act shall be guilty of a misdemeanor, and the act offered in evidence shall' be prima facie evidence of guilt. The district attorney, on, the offense being known to him shall proceed against such officer by indictment or information, and on conviction such officer shall be fined not less than one hundred dollars ($100) nor more than two hundred dollars ($200).”
[1] Plaintiff’s-suit was dismissed below on exception of no cause of action. On the 7th of January, 1902, he bought a tract of land on which the taxes of 1901 had not been paid, and in the following November the property was sold at tax sale without his knowledge to satisfy these taxes, and some years later he was evicted by the purchaser at the tax sale. He thus purchased by an act under private signature, the signatures to which were acknowledged before the deputy clerk of court. In taking this acknowledgment this deputy did not procure and annex to the acknowledgment a certificate showing that all taxes on the property had been paid. To the nonannexation of this certificate plaintiff attributes his loss of the property, and he sues the deputy and his chief, the clerk of court, in damages for the value of the property.
[2] Plaintiff’s loss was not due to the non-annexation of said certificate, but to his failure to pay the taxes; and the above transcribed statutes are in the interest solely of the fisc, and have no application whatever to the relations between private persons. Moreover, the said sections of the Revised Statutes do not mention acknowledgments, and if the said sections of the act of 1898 had *337 reference to the relation between private parties they would be unconstitutional for the reason that such an object was not stated in the title of the act, which reads:
“To provide an annual revenue for the state of Louisiana by the levying of annual taxes upon all property not exempted from taxation and by prescribing the method of assessing and collecting the same, and of enforcing payment thereof in the several parishes of the state and setting forth the purposes for which said levy is made.”
The present application for review is therefore rejected at the cost of the relator.
MONROE, O. J., dissents.
O’NIELL, J., concurs in the decree.